NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0772n.06

Case No. 13-6508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| RICHARD CHESTER NORRIS, | ) | |
| | ) | M E M O R A N D U M |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; and POLSTER, District Judge.[*]

**PER CURIAM.** Defendant Richard Chester Norris pled guilty to knowingly selling a firearm to a person prohibited from possessing a firearm, in violation of 18 U.S.C. § 922(d)(1). On November 5, 2013, he was sentenced to 24 months' imprisonment. On appeal, Norris challenges the sentence as procedurally unreasonable. He contends the district court improperly applied a sentence enhancement under U.S.S.G. § 2K2.1(b)(6)(B), based on the finding that he used the firearm in connection with another felony. Although the government originally opposed Norris's claim of error, following oral arguments in this appeal, the government has acknowledged that Norris did not "use" the firearm. That is, the government has conceded "that defendant did not carry out any purpose or action by means of the firearm when he told [Ronnie]

_____

[*]Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Mutter to dispose of it" . . . but only "sought Mutter's cooperation as to another felony which *involved* the firearm."  Based on this concession, the government has joined with Norris in moving the court to vacate the sentence and remand for resentencing.

We find the motion well taken.  Merely instructing the presumed owner of the firearm to "get rid of it" because it was evidence in a pending murder investigation—where Norris exercised no authority or influence over Mutter, where Mutter did not in fact own or possess the firearm, and where the instruction did not result in the desired impact on the firearm—is not "use" of the firearm in connection with another felony.  Accordingly, notwithstanding the "due deference" owed to the district court's sentencing determination, *see United States v. Stafford*, 721 F.3d 380, 400–01 (6th Cir. 2013), we find the sentence enhancement improper.  We therefore **VACATE** the sentence and **REMAND** for resentencing.[1]

---

[1]Our ruling should not be construed as precluding the district court's consideration of Norris's communication with Mutter in fashioning an appropriate sentence.  We hold simply that enhancement under § 2K2.1(b)(6)(B) is not appropriate on the facts of record.